UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSHUA SABEY, SARAH PERKINS, JOSHUA SABEY and SARAH PERKINS on behalf of C.S. 1 and C.S. 2, minors, <br><br> Plaintiffs, <br><br> v. <br><br> KATHERYN BUTTERFIELD, et al., <br><br> Defendants. | Civil Action No. 23-10957-PBS |

ORDER ON THIRD-PARTY MIDDLESEX JUVENILE
COURT'S MOTION TO QUASH SUBPOENA
[Docket No. 148]

April 8, 2025

Boal, M.J.

    Third-party the Middlesex Juvenile Court has moved, pursuant to Rule 45(d)(3)(A)(iii) of the Federal Rules of Civil Procedure, to quash a subpoena served upon it by Plaintiffs. Docket No. 148.[1] This Court heard oral argument on April 7, 2025. For the following reasons, this Court grants the motion.

I.    RELEVANT BACKGROUND

    Plaintiffs Joshua Sabey and Sarah Perkins are the parents of two young children who were removed from their home at 1:00 a.m. on a Saturday morning by the Massachusetts Department of Child and Family Services ("DCF") with the assistance of police officers from the

---

[1] On January 10, 2025, Judge Saris referred the motion to the undersigned. Docket No. 157.

1

City of Waltham. The forced removal took place without a warrant three days after an emergency room doctor discovered that the youngest child had two healing rib fractures, the cause of which was uncertain. Sabey and Perkins, individually and on behalf of their two children, brought this action against the DCF employees involved in the removal as well as the police officers present at the removal.[2]

Plaintiffs served a subpoena on the custodian of records of the Cambridge Juvenile Court, seeking "[a]ll documents, recordings, and transcripts related to proceedings in Case Nos. 22CP0150A, 2022-J-0637, and 2022-1176." See Docket No. 148-1 at 2.[3] On December 11, 2024, the Middlesex Juvenile Court filed the instant motion to quash the subpoena. Docket No. 148. Plaintiffs filed an opposition on March 13, 2025. Docket No. 174.

II.  ANALYSIS

Rule 45(d)(3)(A)(iii) of the Federal Rules of Civil Procedure provides that the court "must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies."[4] Juvenile Court records are impounded, pursuant to

---

[2] The Plaintiffs also brought claims against the City of Waltham but those claims were dismissed. See Docket No. 89.

[3] Case No. 22CP0150A is the docket number for the underlying Juvenile Court care and protection proceedings. Case No. 2022-J-0637 is the docket number for appellate proceedings and, therefore, the Juvenile Court has no access to those records. It appears that the citation to Case No. 2022-1176 was in error.

[4] The Plaintiffs argue that Rule 45(d)(3)(A)(iii) does not apply because Juvenile Court records are not privileged. Docket No. 174 at 12. However, "the text of Rule 45(d)(3)(A)(iii) indicates that the protection of that specific provision extends beyond the strict bounds of 'privileged' information to encompass 'other protected matter.'" Jordan v. Comm'r, Mississippi Dep't of Corrections, 947 F.3d 1322, 1336 (11th Cir. 2020). Here, the records are protected from disclosure by Juvenile Court Standing Order 1-84. To the extent that the Plaintiffs argue that they have an absolute right to the records because those records concern them, this Court disagrees. See Care and Protection of MC, 483 Mass. 444, 452 (2019) (noting that a motion to release impounded documents in care and protection proceedings implicate "important, and

Juvenile Court Standing Order 1-84.  See Care and Protection of M.C., 479 Mass. 246, 247 (2018).  Where a party seeks access to impounded records of the Juvenile Court, "the requestor bears the burden of demonstrating that the records should be released under the good cause standard of Rule 7 of the Uniform Rules on Impoundment Procedure." Id. at 249.  Rule 7 requires a Juvenile Court judge to balance the rights of the parties based upon the specific facts presented in each case and to consider the following factors: "(i) the nature of the parties and the controversy, (ii) the type of information and the privacy interests involved, (iii) the extent of the community interest, (iv) constitutional rights, and (v) the reason(s) for the request."  Care and Protection of M.C., 483 Mass. at 450.

In addition, "every court has supervisory power over its own records and files . . ." Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 598 (1978).  When confronted with a motion regarding access to sealed state court records, federal courts have recognized the "sensitive issues of comity and federalism" raised by such a request.  Resolution Trust Corp. v. Castellett, 156 F.R.D. 89, 92 (D.N.J. 1994).  Therefore, courts have generally required a party seeking sealed state court records pursuant to a subpoena to first petition the court holding such records. See, e.g., id.; Wilfong v. City of Boise, No. 1:21-cv-298-BLW, 2022 WL 1912218, at *3 (D. Idaho June 3, 2022) (quashing subpoena for sealed state court records and noting that plaintiff should file a motion to unseal the records she sought "by following the procedures specifically detailed in the state court decision denying her previous public records request"); Puerto Rico Aqueduct and Sewer Auth. v. Clow Corp., 111 F.R.D. 65, 67 (D.P.R. 1986) ("Indeed the proper way for a third party to challenge a protective order is to intervene in the main action pursuant to

---

sometimes conflicting, constitutional rights," including "parents' fundamental rights to raise their child . . . as well as the child's and the parents' rights to privacy.").

Fed. R. Civ. P. 24(b) for the limited purpose of seeking modification of the protective order."). Therefore, this Court finds that Plaintiffs must petition the Juvenile Court, pursuant to Rule 7 of the Uniform Rules on Impoundment Procedure, to unseal the records they seek pursuant to the subpoena.

III. ORDER

For the foregoing reasons, this Court grants the Middlesex Juvenile Court's motion to quash.

/s/ Jennifer C. Boal
JENNIFER C. BOAL
U.S. MAGISTRATE JUDGE
